UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



December 27, 2019

Stephen F. Shea, Esq.
Elkin and Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Amy C. Rigney, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd, Rm 617
Baltimore, MD 21235-6401

Subject: *Gina F. v. Berryhill*[1]
Civil No.: 8:18-cv-02423-GLS

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 14, 15). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule ("L.R.") 105.6. For the reasons set forth below, both Motions are **DENIED** and the SSA's judgment is remanded for further consideration.

## I.      BACKGROUND

Plaintiff filed a Title II Application for Disability Insurance Benefits on October 28, 2014, alleging that disability began October 3, 2014. (Tr. 41). This claim was initially denied on March 12, 2015, and upon reconsideration, denied again on August 17, 2015. (*Id.*). Plaintiff's request for a hearing was granted and the hearing was conducted on April 17, 2017 by an Administrative Law Judge ("ALJ"). (*Id.*). On June 12, 2017, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 10-26). On June 6, 2018, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-5).

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

*Gina F. v. Berryhill*
GLS-18-02423
December 27, 2019

On appeal to this Court, Plaintiff argues that the ALJ erroneously assessed the Plaintiff's residual functional capacity ("RFC"). (ECF 14-1, pp. 3-11). The SSA counters that the ALJ's RFC analysis and assessment of Plaintiff's subjective complaints are supported by substantial evidence. (ECF No. 15-1, pp. 5-12).

## II.   ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant had engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual function capacity, i.e., the most the claimant could do despite his or her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by his or her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that he or she is disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Id*. at 180.

Here, the ALJ found that Plaintiff suffered the following severe impairments: postural orthostatic tachycardia syndrome; arrhythmia; cervical degenerative disc disease; right shoulder degenerative disc changes; and obesity. (Tr.15). Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

> perform sedentary work as defined in 20 CFR § 404.1567(a) except: the claimant can lift and carry less than 10 pounds occasionally. The claimant retains the ability to climb ramps and stairs, balance, stoop, kneel crouch and crawl occasionally, but she can never climb ladders, ropes of scaffolds. The claimant can never work at unprotected heights or around hazards such as moving mechanical parts. The

claimant is limited to the performance of simple, repetitive tasks. (Tr. 19) (emphasis supplied).

At the hearing before the ALJ, a vocational expert ("VE") testified about whether a hypothetical individual with the same limitations as the Plaintiff could perform Plaintiff's prior work as a member services representative, a director of member services, or an operations service manager. (Tr. 66). The VE testified that the hypothetical person could not do so, however, could perform other work existing in significant numbers in the national economy, e.g., food and beverage order clerk, sedentary assembler, and a document preparer. (*Id*.). Therefore, the ALJ found that the Plaintiff was not disabled. (Tr. 10).

### III. DISCUSSION

Plaintiff contends that the ALJ erroneously assessed her RFC pursuant to Social Security Ruling 96-8p. (ECF No. 14-1, pp. 3). Specifically, Plaintiff asserts that the ALJ erred by: (a) failing to evaluate Dr. Khurana's medical source opinion; (b) failing to address a state agency physician's opinion regarding her concentration and attention impairments, and failing to include any limitation in her RFC related to the same; and (c) failing to find that her migraines were severe and failing to include a limitation in her RFC related to those headaches. (*Id*., pp. 3-12).

When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ considers any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to them being consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). The Fourth Circuit has recently held that a "proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation is just as important as the other two." *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

First, Plaintiff argues that the ALJ failed to evaluate Dr. Khurana's letter to the Plaintiff's Long-Term Disability carrier. (ECF 14-1, p. 5). Plaintiff argues that Dr. Khurana noted her limitation, which is her inability to stand for more than ten minutes. (*Id.* at 6). Plaintiff further asserts that she is unaware of the amount of weight given to Dr. Khurana's opinions. (*Id.* at 8). Defendant concedes that the ALJ did not discuss the letter in making her finding, but argues that letter is not relevant, nor is it a medical source opinion. (ECF 15-1, p. 6). In addition, Defendant avers that the ALJ properly considered Dr. Khurana's opinion because it was her basis for finding that Plaintiff's postural tachycardia syndrome (POTS) and arrhythmia were medically

determinable, severe impairments. (*Id.* at 5).

The question, then, is whether substantial evidence supports the ALJ's treatment of Dr. Khurana's letter as not being a medical source opinion. A "medical source opinion" is a statement from an acceptable medical source that reflects a judgment about the nature and severity of a patient's impairment(s), including a patient's symptoms, diagnosis and prognosis, what a patient can still do despite those impairments, and a patient's physical and mental restrictions. *See* 20 C.F.R. §404.1527(a)(1). Here, a review of the letter reflects that Dr. Khurana did not provide a medical opinion when he explained that Plaintiff was diagnosed with postural tachycardia syndrome (POTS) because he was reciting Plaintiff's medical history. (Tr. 1331). Dr. Khurana explained the nature and severity of what patients with POTS, like the Plaintiff, experience. (Tr. 1331). However, Dr. Khurana did not explain the nature and severity of the condition as it relates to Plaintiff.

In addition, to the extent that Dr. Khurana opined that Plaintiff is "disabled;" the ALJ was not required to follow that opinion--it does not replace the duty of the Commissioner to adjudicate the issue of disability. *See* 20 C.F.R. § 404.1527(e)(1); *see also Morgan v. Barnhart*, 142 F. App'x 716, 722 (4th Cir. 2005) (doctor stating that a claimant is "disabled" is not a medical opinion but instead is a legal conclusion). Therefore, the Court is not persuaded by Plaintiff's argument that the ALJ erred by not construing Dr. Khurana's letter as a medical source opinion.

Assuming arguendo that Dr. Khurana's letter should have been considered as a medical opinion, then the Court would still find that Plaintiff failed to show that the ALJ erred. Plaintiff bears the burden of showing that absent error, the ALJ would have reached a different conclusion. *See Shinseki v. Sanders*, 556 U.S. 396, 407-10 (2009); *Bishop v. Comm'r of Soc. Sec.*, 583 F.App'x 65, 67 (4th Cir. 2014) (If the decision "is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time."). If a claimant is unable to show how an error resulted in prejudice, then the error is harmless and does not require remand. *Id.* As explained above, substantial evidence exists to support the ALJ's rejection of Dr. Khurana's letter. Accordingly, had the ALJ treated Dr. Khurana's letter as a medical source opinion, I am unable to determine how the outcome would be any different. Plaintiff failed to provide any argument that showed she was prejudiced by the ALJ not considering Dr. Khurana's letter. Furthermore, the ALJ limited Plaintiff to sedentary work in her RFC, which is consistent with Dr. Khurana's opinion in regard to Plaintiff having major difficulty in standing beyond a few minutes. I find that the outcome would remain the same even if the ALJ considered Dr. Khurana's letter. Therefore, remand is not warranted on this issue.

Second, Plaintiff argues that the ALJ failed to adequately address the opinions of the State Agency physicians because she failed to include any limitation regarding the Plaintiff's abilities to sustain attention and concentrate over the course of an eight-hour day. (ECF 14-1, p. 8). Defendant argues that Plaintiff's argument lacks merit because the ALJ limited the Plaintiff to simple, routine, and repetitive tasks based on the opinion of a State Agency physician, Dr. Butler. (ECF 15-1, p. 8).

4

*Gina F. v. Berryhill*
GLS-18-02423
December 27, 2019

The Fourth Circuit held that an ALJ does not adequately account for a claimant's limitations in concentration, persistence, or pace by merely restricting hypothetical questions posed to the VE to simple, routine tasks or unskilled work. *Mascio v. Colvin,* 780 F.3d 632, 638 (4th Cir. 2015). In *Mascio*, the Fourth Circuit distinguished between a scenario where an individual is unable to perform simple tasks from another where the individual stays on task. *Id.* at 638. The Fourth Circuit further held that an ALJ's failure to include additional limitations in a claimant's RFC assessment is not erroneous, provided that the ALJ explains why a claimant's moderate difficulties in concentration, persistence, and pace did not warrant mention in that RFC assessment. *Id.* The Fourth Circuit remanded *Mascio* so that the ALJ could explain why the claimant's mental limitations did not translate into a limitation in the claimant's RFC. *Id.* To summarize, then, an ALJ who finds that a claimant has moderate difficulties in concentration, persistence and pace must either: (a) include appropriate limitations in the RFC that account for these difficulties, or (b) explain why no such limitations are necessary.

In this instant case, the ALJ limited Plaintiff's RFC to simple and repetitive tasks. (Tr. 19). The ALJ accorded Dr. Butler's opinion "significant weight." (Tr. 23-24). Dr. Butler opined that Plaintiff's "[medically determinable impairments] **may** interfere with her ability to sustain concentration and attention over the course of an 8-hour day." (Tr. 101). (emphasis added). Dr. Butler provided the following additional explanation:

> [Plaintiff's] capacity to attend and persist for 2-hour intervals while accomplishing job tasks consisting of straightforward, recurring, and uniform steps is not seriously limited by the presence of the mental [medically determinable impairments] (MDI(s)). However, the signs/symptoms of the mental MDI(s) could cause [Plaintiff] to have difficulty maintaining ideal levels of concentration, accuracy, patience, dependability, and productivity-particularly in socially-intense work-environments requiring multitasking under time pressure.

(Tr. 101).

In this case, I find that remand is warranted because the ALJ did not adequately explain how, despite Dr. Butler's partially contradictory opinion, Plaintiff's RFC limits her only to "simple, repetitive tasks." First, I note that Dr. Butler identified a maximum of 2-hour intervals that Plaintiff could perform "straightforward, recurring, and uniform steps." (Tr. 101). Next, on the one hand, Dr. Butler's opinion does not definitively state that Plaintiff's medically determinable impairment will affect her ability to pay attention and concentrate. (Tr. 101). However, another part of Dr. Butler's opinion seems to suggest that Plaintiff could have "difficulty maintaining ideal levels of concentration, accuracy, patience, and dependability, and productivity-particularly in socially-intense work environments requiring multitasking under time pressure." (Tr. 101). I note that the ALJ failed to fashion a limitation that even addresses two-hour interval concern. Next, I note that the ALJ fails to explicitly address the seeming inconsistency regarding maintaining "ideal levels" of concentration and the ability to "attend and persist for 2-hour intervals." Relatedly, there is no explanation of how the ALJ parsed out what an "ideal level" of concentration means. In short, the ALJ failed to reconcile these issues. Moreover, the ALJ fails to explain the absence of any limitation in the RFC related to the two-hour interval concern raised by

Dr. Butler. Therefore, I find that remand is necessary.

Finally, Plaintiff argues that the ALJ erroneously determined that Plaintiff's migraine headaches were sufficient as to be a "severe impairment." (ECF 14-1, pp. 8). Specifically, Plaintiff argues that the ALJ failed to address the frequency and duration of her migraines. Plaintiff bears the burden of proving that an impairment causes more than a minimal impact on her ability to perform basic work activities. Because the case is being remanded on other grounds, I need not address Plaintiff's final argument. On remand, the ALJ should review her analysis of Plaintiff's migraines.

Despite remanding the case for further findings consistent with this opinion, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff was not disabled, and therefore, not entitled to benefits, was correct.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 14), is **DENIED** and Defendant's Motion for Summary Judgment, (ECF No. 15), is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further analysis consistent with this opinion. The clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge